**UNITED STATES, Appellee,**

v.

**James W. MOSELY, Specialist Four, U. S. Army, Appellant.**

**UNITED STATES, Appellee,**

v.

**Surf SWEISFORD, Specialist Four, U. S. Army, Appellant.**

Nos. 30,003, 29,979.

U. S. Court of Military Appeals.

March 19, 1976.

*Captain R. Stuart Broom* and *Captain John R. Osgood* argued the cause for Appellants, Accused. With them on the briefs were *Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera, Major Richard J. Goddard,* and *Captain Ronald Lewis Gallant.*

*Major John T. Sherwood, Jr.,* argued the cause for Appellee, United States. With him on the briefs were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain Raymond Michael Ripple,* and *Captain Richard T. St. Clair.*

## OPINION OF THE COURT

COOK, Judge:

The accused were tried in common by a general court-martial in Nellingen, Germany. Their separate appeals were granted on the same issues and were consolidated for argument.

■ Two of the three granted issues deal with whether the accused can be separately punished for wrongful possession of amphetamines and wrongful possession of hashish, alleged as violations of AR 600–50, which proscribes each substance as a "controlled substance." That issue was reviewed extensively in *United States v. Hughes,* 1 M.J. 346, decided this date. For the reasons set out in the principal opinion in *Hughes,* the offenses are not separately punishable. Consequently, the trial judge erred in treating them as separate.

Accused's third assignment of error challenges the propriety of trial counsel's argument as to the sentence. Calling attention to the nature of the accused's "criminal activity," trial counsel urged that, in determining a sentence against each accused, the court members consider "its deterrent effect" upon others "who might venture into such" activity.

■ Deterrence is an important function of the criminal justice system. It has a double aspect. One aspect is focused on the individual accused; the other is oriented toward the general public. As to the first, a particular sentence may affect one accused in one way and another accused in a different way. Thus, to one accused a sentence of confinement for 1 month may be so awesome as to leave little doubt that its impact is likely to deter him from recidivism. To another accused convicted of the same offense, the stated punishment may be so disproportionate to his gain from the crime that he is more likely to repeat the offense than to be deterred by the punishment; in this situation, the deterrence factor would justify a more severe sentence. As applied to the accused, therefore, consideration of deterrence in assessment of a just sentence is consistent with the concept that the sentence should be "individualized," that is, predicated on factors relevant to the accused. *United States v. Mamaluy,* 10 U.S.C.M.A. 102, 106, 27 C.M.R. 176, 180 (1959).

The aspect of deterrence oriented to the general public appears in the maximum punishment prescribed for the offense. That punishment represents the maximum deterrent effect upon the general populace. Once the accused has committed the crime, the general deterrence aspect of the prescribed punishment is not relevant to him as he has not been deterred. Further, his commission of the offense does not delete or diminish the general deterrent effect intended by the prescribed penalty. The sentence imposed on the accused may have an impact on the general public, but the impact is not deterrence from the same crime; that deterrence is still provided by the maximum punishment allowed by law. The impact of a particular sentence, assuming it learns of the punishment, is whether the public perceives the sentence as just or unjust. That impact is different in character and consequence from adding punishment in order to deter others.

■ Government counsel have referred us to a number of cases indicating that general deterrence can justify a more severe sentence upon an accused than would otherwise be imposed. *See United States v. Foss,* 501 F.2d 522, 527 (1st Cir. 1974). However, this Court has treated *"general deterrence" as a factor included within the maximum punishment prescribed by law, but not as a separate aggravating circumstance that justifies an increase in punishment beyond what would be a just sentence for the individual accused determined on the basis of the evidence before the court.* This approach retains the concept of gener-

**352**

al deterrence as a function of punishment, but it does not utilize it in a way that allows the accused to be punished more severely than he justly deserves. In this connection, what we said in *United States v. Hill*, 21 U.S.C.M.A. 203, 206–07, 44 C.M.R. 257, 260–61 (1972), merits repetition:

[E]ach accused must "be given individualized consideration." *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106, 27 C.M.R. 176 (1959). It violates this principle to predicate a sentence upon factors of aggravation "not supported by testimony and which operate as a one-way street against the accused" because he "cannot possibly rebut [them] by any reasonable means." *Id.*, at page 107. It is wrong, for example, to be influenced in the imposition of punishment by a policy which mandates a particular penalty. See *United States v. Fowle*, 7 U.S.C.M.A. 349, 22 C.M.R. 139 (1956); *United States v. McCoy*, 139 U.S.App.D.C. 60, 429 F.2d 739 (1970). In *Mamaluy*, supra, we condemned consideration of "special circumstances to meet the needs of local conditions." Here, the trial judge apparently believed that the sentence he imposed upon the accused should also operate as a deterrent to other "pushers." Whether the ancillary purpose can be served is subject to "variables not susceptible of proof." *Id.*, at page 107, and recourse to it as an aggravating circumstance disregards the basic concept in sentencing that punishment not only fit the crime, but be responsive to the character, the background, and potential for rehabilitation of the particular accused. *United States v. McCoy*, supra, at page 743. The fact that the accused was convicted of selling drugs may justify the judge's description of him as a "pusher," but it did not make him accountable for others engaged in the same act, any more than he would be accountable for all thieves if he had been convicted of larceny. Reputation may be established by the company one keeps, but the individual cannot be punished for the misdeeds of others. See *United States v. Rao*, 296 F.Supp. 1145, 1148–49 (S.D.N.Y.) (1969).

■ Our conclusion that both aspects of the accused's challenge to the legality of the proceedings as to the sentence have merit does not automatically require a rehearing on the sentence. *United States v. Peters*, 8 U.S.C.M.A. 520, 25 C.M.R. 24 (1957). What must still be considered is the effect of the errors. Here, each accused was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, and accessory penalties. In posttrial proceedings, the periods of confinement were reduced to 9 months and the punitive discharges were changed to bad-conduct discharges, with suspensions and provisions for automatic remission. The periods of confinement and those of the suspensions have both expired, and as far as appears from the record, the accused have been restored to duty. In these circumstances, the adverse effects upon the sentences adjudged against the accused have been fully dissipated *United States v. Cieslak*, 13 U.S.C.M.A. 216, 32 C.M.R. 216 (1962).

The decision of the United States Court of Military Review is affirmed.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.