## UNITED STATES

v.

**Airman Bruce A. BATES, FR 486–66–3973**
**46th Supply Squadron Aerospace**
**Defense Command.**

**ACM 21986.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Nov. 1975.

Decided 12 April 1976.

---

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, JJ.

## DECISION

SANDERS, Judge:

Tried by general court-martial, the accused was found guilty, pursuant to his pleas, of one offense of attempted larceny and one offense of housebreaking, in violation of Articles 80 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 930. The approved sentence provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $240.00 per month for six months and reduction to airman basic. The 3320th Retraining Group, Lowry Air Force Base, Colorado, was designated as the place of confinement for immediate entry into the retraining program.

Two assertions of error have been advanced for our consideration by appellate defense counsel. Only the one which alleges that

THE MILITARY JUDGE IMPROPERLY PERMITTED THE COURT TO INCREASE THE SEVERITY OF ITS SENTENCE

warrants discussion on our part; the other lacks merit. An additional matter concerning the trial counsel's argument on sentence also requires our evaluation.

■ Following the closed session for deliberation on sentence, the court reopened and the president stated the court had arrived at its sentence. The military judge then requested to look over the sentence worksheet before the court announced the sentence. After looking at the worksheet[1], the following transpired:

MJ: I instructed the court, remember, that if you are going to give a forfeiture

---

1. Appellate Exhibit II to the record of trial shows the following in the handwritten portion: "To be reduced to grade of AB, forfeiture of ⅔ of base pay, to perform hard labor for 180 days and to be discharged from the service with a bad conduct discharge."

of less than all pay and allowances you must indicate by dollars and cents, and also per month for a number of months. Now, the court has indicated a forfeiture of two-thirds of the base pay, period. For how long? What was the sentence? What was the intent of the court? To forfeit two-thirds of the base pay for one month or to forfeit two-thirds of the base pay per month for a certain period of time? That is what I am asking.

PRES: That was for the duration of the incarceration, sir.

MJ: Then you say to perform hard labor. Is this hard labor without confinement? Remember, I told you that. . .

PRES: We also wrote it in at the top of the sheet, sir.

MJ: You have number 5 which says to perform hard labor. That section contemplates performing hard labor without confinement. Number 6 is to be confined at hard labor. Is it the intent of the court to perform hard labor for 180 days? Remember that I told you that hard labor without confinement shall not be adjudged in excess of three months. Was it the intent of the court that this be hard labor without confinement?

PRES: No, sir.

MJ: Confinement at hard labor?

PRES: Yes, sir, for a period of six months.

MJ: I am going to have a recess and have a 39(a) session out of the hearing of the court. So the court will be recessed for whatever time it takes. Court is recessed.

During the Article 39(a) session, the military judge gave counsel the opportunity to examine the worksheet and voice their positions on the matter. Defense counsel objected to any reconsideration of the sentence by the court and opined that the sentence included only two-thirds forfeiture for one month and hard labor for 180 days. The military judge indicated he would attempt to clarify the true intent of the court and determine if the apparent misunder-standing was only as to the appropriate language to be used to convey the court's intended sentence. No instructions were requested by either side.

When the court opened, the military judge painstakingly went through each element of the sentence as was finally announced by the court. He asked each court member to signal if there was any disagreement as to his understanding of what was intended. No disagreement or indication of misunderstanding was signaled by any court member. Then the military judge had the president write out the sentence on a new worksheet giving him detailed instructions as to how to do it. Alas, the president failed once more to include all the necessary language by leaving out the words "per month" as applied to the forfeiture. Finally getting this rectified and again assuring that this was the intent of each court member, the military judge had the president announce the sentence in open session. Unfortunately, the president then apparently experienced difficulty in reading his own words and in his oral announcement, initially left out the words "per month" in announcing the forfeitures. This was caught and corrected on the spot by the military judge. The sentence finally announced, the court adjourned.

Initially, we commend the military judge for the procedure he followed in handling this confusing, perhaps exasperating, matter. Too, we have no doubt that the sentence as finally announced was that intended and initially determined by the court. The necessity for reconsideration of the sentence did not arise under the circumstances. Rather, the situation involved confusion on the president's part as to the proper language necessary to convey the court's determination. *United States v. Robinson*, 4 U.S.C.M.A. 12, 15 C.M.R. 12 (1954). The remedial action taken by the military judge clearly came within the provisions of paragraph 76c, Manual for Courts-Martial, United States, 1969 (Rev.). *United States v. Liberator*, 14 U.S.C.M.A.

499, 34 C.M.R. 279 (1964); *United States v. Robinson*, supra.

Unlike the situation in *United States v. Kuzilik*, 49 C.M.R. 525 (A.F.C.M.R.1974), cited by appellate defense counsel, there was no private communication between the court and the military judge. Rather, everything that transpired was on the record. And, counsel was given an opportunity to view the original sentence worksheet and to voice their positions on the matter. Further, the court did not go into a closed session for further deliberations on the sentence. In essence, what was involved was nothing more than a change in phraseology necessary to express truly the sentence actually agreed upon. *United States v. Robinson*, supra. That the sentence as originally written by the president was the product of his inability to express the intent of the court is shown by his seemingly persistent inability to follow the meticulous and repeated instructions and advice of the military judge. However, because of the procedure followed by the military judge, the confusion on the part of the president was rectified and the sentence as originally determined by the court was properly announced.

█ In view of the recent decision of the Court of Military Appeals in *United States v. Mosely*, 1 M.J. 350, decided 19 March 1976, we are constrained to find error in the trial counsel's closing argument on sentence. In his remarks, trial counsel urged, *inter alia*, that the court members

. . . consider the need to deter other people from committing similar offenses. Consider the need to discourage others, to let others know this type of conduct cannot be condoned.

\* \* \* \* \* \*

How are you going to deter others if you don't punish this accused, punish people who commit offenses of this nature? How are you going to deter others? You've got to let the word be out that this type of offense cannot be condoned; that the young airmen on Peterson Field are not going to get away with stealing from the BX. They are not going to get

away with stealing and housebreaking and have to be discouraged from doing so. If one person can walk away with a relatively light sentence for what he does, how is it going to discourage someone else from doing it? These people have to be discouraged from committing offenses of these sorts, and, of course, I am speaking only of a few.

\* \* \* \* \* \*

There is no way any others are going to be discouraged and deterred from committing offenses of this nature if a person does not, first, receive a discharge and, second, receive a lengthy period of confinement for what he has done. In order to deter others and also show this accused what he did was wrong, he has to be punished and shown he can't walk out of this courtroom without any confinement.

Argument by trial counsel to the effect that court members should consider the "deterrent effect" upon others by imposition of a more severe sentence upon the accused than might otherwise be adjudged was soundly condemned in *United States v. Mosely*, supra; *United States v. Miller*, No. 31,314, 1 M.J. 357, decided 19 March 1976. Under the circumstances, we necessarily find trial counsel's argument in this case to be improper.

Although error is apparent, we must still consider the effect of the error on the sentence adjudged. *United States v. Mosely*, supra; *United States v. Peters*, 8 U.S.C. M.A. 520, 25 C.M.R. 24 (1957). Having tested this error for its prejudicial effect, we find that there is no reasonable likelihood that it had any adverse consequences. Several important factors lead us to this conclusion. First, the accused, after appropriate advice from the military judge, specifically asked the court for a bad conduct discharge during his presentencing testimony. Secondly, the sentence adjudged was relatively lenient for the findings of guilty of two serious offenses. Finally, the maximum authorized punishment in this case was a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all

pay and allowances and reduction. Yet, the sentence adjudged was only to a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for six months and reduction. Although the convening authority effectively approved the sentence adjudged, we note that he designated the place of confinement as the 3320th Retraining Group, Lowry Air Force Base, Colorado, for immediate entry into the retraining program. In view of these factors we are convinced the court was unaffected, at least adversely to the accused, by the improper argument of trial counsel and that the error was rendered harmless.

The approved findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge, concur.