UNITED STATES

v.

Charles A. SMITH, 431 04 0263, Aviation Structural Mechanic (H) Second Class (E-5), U. S. Navy.

NCM 76 0220.

U. S. Navy Court of Military Review.

Sentence Adjudged 24 Oct. 1975.

Decided 7 June 1976.

LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel; LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, LAPPIN and FULTON, JJ.

LAPPIN, Judge:

Appellant stands convicted by a military judge sitting alone as a general court-martial of making a false official statement, negligent destruction of Government property, unlawful entry and four specifications of larceny; all in violation of the Uniform Code of Military Justice. The approved sentence includes an unsuspended bad conduct discharge, confinement, forfeitures of pay and reduction in rate.

Appellant urges, as he did during his trial of 23 and 24 October 1975, that the court lacked jurisdiction over his person. We disagree. On 16 July 1975 orders terminating appellant's active duty in the Regular Navy and concurrently transferring him to the U. S. Naval Reserve were prepared by his command. Such orders are commonly referred to as "self-executing orders," and set forth therein an effective date. The original of these orders is found in the record of trial as Defense Exhibit (A) and the effective date listed therein as "22 AUG 75." Paragraph 1 of the orders under discussion provides:

"On the effective date of these orders your Active duty in the Regular Navy is

terminated and you will consider yourself transferred to the U. S. Naval Reserve concurrently with release to inactive duty. You will be required to serve in the Naval Reserve, unless sooner discharged by competent authority, until the date indicated in block (B) above."

Block (B) contains the date of "22 AUG 77." Appellant's signature appears on the orders, but the date of his receipt thereof is not set forth in the record of trial.

In order to properly address the question of the trial court's jurisdiction over appellant we must briefly examine the events leading to his trial. During the morning hours of 20 August 1975 appellant called the base security office and falsely reported that his base housing had been burglarized. Detectives attached to the security office immediately responded, investigated, determined the appellant's report was mendacious, obtained his consent to search his vehicle and household effects and discovered damning evidence against appellant; all on the 20th of August. On the same day, 20 August 1975, a charge sheet naming appellant as the perpetrator of two separate acts of larceny in violation of Article 121 of the Code was drawn.

The charges were signed by the accuser and referred to trial by special court-martial on 22 August 1975; the same date appellant was formally advised of the charges. As a result of subsequently obtained evidence a pretrial investigation was ordered and the entire matter referred to trial by general court-martial.

Paragraph 11d of the *Manual for Courts-Martial, United States, 1969* (Revised edition), entitled "Effect of termination of term of service" provides:

"Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, of filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual before his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held after his period of service would otherwise have expired. Similarly, if jurisdiction has attached by the commencement of action before the effective terminal date of self-executing orders, a person may be held for trial by court-martial beyond that terminal date. See also Article 2(1)." (Underlining added).

The question before us is basically whether sufficient action was initiated with a view to trial because of an offense committed by appellant to give the court jurisdiction notwithstanding the self-executing orders designed to release him from active duty effective 22 August 1975. For the purposes of this case we shall view the effective date and time of appellant's self-executing orders to be 0001 hours, 22 August 1975. Because of the *specific effective date* set forth in appellant's orders we find Article 3840100 (redesignated Article 3420182) of the Naval Personnel Manual which provides guidance in determining the effective date of enlisted separations not to be controlling in the case *sub judice*.

Enlistment in an armed force creates a status, not a contractual relationship. As a result, passage of the date provided for release from the service, or release from active duty, does not operate of its own force: *see United States v. Hout*, 19 U.S.C. M.A. 299, 41 C.M.R. 299 (1970). Hence an individual not released to inactive duty may be retained on active duty past his normal release date for good cause, which of course includes the disposition of criminal charges.

In construing paragraph 11d of the *Manual for Courts-Martial*, Judge Darden in his concurring opinion in the *Hout* case, *supra*, stated:

"I view the examples of 'commencement of action with a view to trial' contained in paragraph 11d of the Manual for Courts-Martial, United States, 1951, as being illustrative rather than exclusive."

Paragraph 11d remains unchanged in the 1969 *Manual* and this Court again expresses its agreement with Judge Darden's opinion. *See United States v. Cox*, 49 C.M.R. 350 (N.C.M.R.1974).

Appellant's reliance upon *United States v. Brown*, 12 U.S.C.M.A. 693, 31 C.M.R. 279 (1962) in support of his contention of lack of jurisdiction is not persuasive. In *Brown* the accused was issued valid orders on 9 January 1961 terminating his active duty in the Regular Navy and transferring him to inactive duty in the Naval Reserve, effective "this date." The effective date distinction between the orders discussed in *Brown* and those issued appellant is apparent at once. Thus the holding in *Brown* ". . . that termination of a person's active duty status by delivery to him of competent orders *effective on the day of such delivery,* serves to end jurisdiction to try him by court-martial, just as if his entire service obligation had been completed by delivery of a valid discharge" (emphasis added) does not alter our decision in the present case under review.

In addition, the factual situation in the case at bar is clearly distinguishable from that found in *United States v. Larson*, 42 C.M.R. 941 (N.C.M.R.1970), relied on by appellant. In *Larson*, the accused was involved in offenses prior to the termination of his enlistment. The investigation was completed and received by his command on 4 December 1969. On 13 January 1970 his enlistment expired, however he was not discharged despite his request, and was placed on legal hold. On or about 9 February 1970 it was decided to try him by special court-martial and he was finally tried on 11 March 1970. This Court held that the government failed to sustain its burden to show commencement of action prior to the termination of enlistment.

■ In the case before us we find that on 20 August 1975 appellant falsely reported a burglary, admitted his deception and was present at the discovery of incriminating evidence against him. *On the same date,* two days prior to appellant's scheduled release to inactive duty, charges were drawn against him. We recognize that these charges were not sworn to, nor referred to trial, until 22 August 1975, however, these factors are not considered critical. *See United States v. Cox, supra.*

Therefore, on the whole, we are satisfied that the wheels were turning toward prosecution prior to the expiration of appellant's term of active service and thus jurisdiction attached and continues for all purposes of trial, sentence and punishment. Or in the words of the *Manual* we find the "commencement of action with a view to trial" prior to appellant's scheduled release from active duty. The assignment thus lacks merit.

■ Although not mentioned by appellate counsel we take note of trial counsel's argument on the sentence, directed to the military judge sitting alone. The basic theme of counsel's argument emphasized the effect of the court's action on appellant's fellow servicemen who were awaiting the outcome. Counsel's statements approached but did not enter the deterrence argument condemned by the United States Court of Military Appeals in *United States v. Mosely,* 1 M.J. 350 (1976). Even if such argument were to be considered error we find no prejudice to appellant.

The author of this opinion joins with his brothers on the United States Army Court of Military Review who in the case of *United States v. Lucas,* 2 M.J. 834 (A.C.M.R. 1976), so persuasively encouraged the Court of Military Appeals to reconsider its opinion in *Mosely, supra.*

Accordingly, the findings and sentence as approved below are affirmed.

Senior Judge NEWTON and Judge FULTON concur.