**UNITED STATES**

v.

**Airman Clifton R. PORTER, FR 357–48–6766 United States Air Force Hospital Whiteman Eighth Air Force (SAC).**

**ACM 22012.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Nov. 1975.

Decided 30 June 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before ROBERTS, HERMAN, ORSER and SANDERS, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial, with members, the accused was convicted, contrary to his pleas, of numerous drug offenses, in violation of Air Force Regulation 30–2, dated 1 August 1974, Air Force Regulation 30–19, dated 11 October 1973, and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence provides for a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years and reduction to the grade of airman basic.

Appellate defense counsel, in addition to inviting our attention to two errors asserted by the accused, have independently assigned four others for our consideration. In our judgment, both errors asserted by the accused and one by counsel were thoroughly considered by the staff judge advocate in his review and correctly resolved adversely to the accused. Discussion herein is unwarranted.

The first of the remaining errors we consider avers the court-martial lacked jur-

isdiction over seven wrongful sale of marihuana offenses on the basis that they were alleged to have occurred "at or near Whiteman Air Force base" (as to six of the offenses), and "at Warrensburgh, Missouri" (as to the seventh). Though the issue of jurisdiction over off-base drug offenses is presently pending before the United States Court of Military Appeals (See e. g., *United States v. Lemons,* 23 U.S.C.A. 412, 50 C.M.R. 294, 1 M.J. 34; *United States v. Clay,* Docket No. 31,108) we deem it appropriate to decide this case on the basis of current case law. On that firm basis, we hold that military jurisdiction attaches to offenses of off-base sale of marihuana by one service member to another, and the assignment is accordingly without merit. *Rainville v. Lee,* 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Rose,* 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969); *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *United States v. Beeker,* 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969).

■ The second claim of error advanced challenges the propriety of the general deterrence aspect of trial counsel's sentencing argument. The argument included the following appeal to the members:

> [T]he other most important consideration is the deterrence of other people on Whiteman Air Force Base, other young airman [sic] on Whiteman Air Force Base, for example, who might be tempted to become involved in drugs; we want to deter other people on this base from becoming involved with drugs. We want them to realize that for committing offenses of this nature, you are going to go to jail; you are going to get kicked out of the Air Force; you're not going to condone it. And, this message has to be sent to others and your purpose in determining sentence is not just the amount of punishment that this accused should receive but the need to deter other people from committing offenses of this nature. We can't condone cocaine on Whiteman Air Force Base; we cannot condone marijuana selling, possessing and using; we cannot condone amphetamines, THC;

this has to be discouraged; others have to be deterred; others have to realize that you are going to go to jail and you are going to go to jail for a long period of time; you are going to get kicked out of the Air Force and you are going to lose all your pay if you become involved with drugs, so don't do it.

There is just no escaping the conclusion that trial counsel's vigorous call for a severe punishment told the court members that "general deterrence" was "a separate aggravating circumstance that justifie[d] an increased punishment beyond what would be a just sentence for the accused determined on the basis of the evidence before the court." *United States v. Mosely,* 1 M.J. 350 (1976). In *Mosely,* and in *United States v. Miller,* 1 M.J. 357 (1976), the Court of Military Appeals held it error for a trial counsel to argue general deterrence in a manner, as here, which would permit the accused to be punished more severely than warranted by the evidence.

For two reasons, we are convinced that in the circumstances of this case no remedial action is necessary. First and foremost, at the conclusion of trial counsel's argument the military judge (commendably presaging *Mosely* and *Miller*) promptly neutralized any harmful impression the argument might otherwise have engendered. Specifically, and with trial counsel's concurrence, he instructed the members that what counsel actually had in mind was that the deterrence factor of punishment applied only in terms of the accused, and not, conversely, as a means of deterring others. We are satisfied the judge made it clear to the court members that their exclusive concern was an appropriate sentence for the accused uninfluenced by any collateral effect it might have on others.

Even if we were to conclude that the military judge's alert clarifying instruction did not suffice to eradicate trial counsel's error, we would still be disinclined to grant any relief in the circumstances of this case. Notwithstanding the fact that, for reasons hereinafter stated, two of the offenses

should have been considered multiplicious for punishment purposes, the sentence adjudged was far less than either the maximum calculated by the military judge or the maximum taking into account the multiplicity matter. The accused stands convicted of 14 separate serious drug offenses, nine of which involve sales to others. Having scrutinized the record, we are satisfied that the sentence, especially in terms of the maximum authorized, is by no means inappropriately severe. In summary, we see no reasonable likelihood the accused suffered prejudice. *United States v. Bates,* 1 M.J. 841 (A.F.C.M.R.1976).

 In the final contention of error we address, appellate defense counsel aver that several of the offenses were erroneously considered separate for punishment purposes. We find merit in this claim only to the extent that two of the 14 offenses should have been merged for calculation of the maximum authorized punishment.

The evidence established that at the same time and place, and even in the same container, the accused possessed amphetamines and tetrahydrocannabinol. As the drugs were simultaneously possessed and multiple victims were not involved, on the authority of the recently decided case of *United States v. Hughes,* 1 M.J. 346 (1976), the accused's conduct amounted to but a single act of criminal misconduct. Thus, the maximum authorized punishment for possession of the two drugs should have been two years, not the four years determined by the military judge.

 The other offenses claimed multiplicious for sentencing purposes by appellate defense counsel consist of separate counts of sale and possession of drugs. As to these offenses, the evidence established the accused sold only a portion of a larger quantity of drugs and retained the balance. Our recent decision of *United States v. Culberson,* 1 M.J. 1181 (A.F.C.M.R.1976), is entirely dispositive of this contention. We adhere to the view therein expressed that "what occurred amounted to separate events, and under the circumstances, distinct offenses,

separately punishable. Cf. *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *United States v. Sierra,* 38 C.M.R. 869 (A.F.B.R.1968), pet. denied, 38 C.M.R. 441."

For the reasons stated, we must conclude the military judge's instruction that the maximum authorized punishment extended to confinement at hard labor for 28 years was erroneously excessive by a total of two years. Though in view of the record as a whole and the sentence adjudged we see no reasonable likelihood the accused was prejudiced by this error, we have nevertheless reassessed the sentence and having done so find it entirely appropriate.

The findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and HERMAN and SANDERS, Judges, concur.