UNITED STATES

v.

Sergeant Melvin B. MILLER, FR 424–58–9481 48th Transportation Squadron United States Air Forces in Europe.

ACM 21918 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 May 1975.

Decided 22 Oct. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris, Captain Rex L. Fuller III, and Captain Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

### PER CURIAM:

The record of trial in this case was considered by this Court in our previous decision, *United States v. Miller*, 1 M.J. 798 (A.F.C.M.R.1976), wherein we noted that, in an otherwise adequate post-trial review, the staff judge advocate erroneously indicated the accused had pleaded guilty to the offenses charged. In the circumstances, and in light of cases cited, we were compelled to hold the review prejudicially erroneous. Pursuant to the direction of The Judge Advocate General, the previous action of the convening authority was withdrawn, and a new review and action accomplished. The new review contains correct advice to the convening authority respecting the accused's pleas of not guilty, and in all other respects is factually and legally sufficient.

We have carefully considered the assertions of error presently advanced by appellate defense counsel in their brief and in oral argument. Those which specifically or by implication question the propriety of various aspects of our previous decision are without merit and warrant no discussion.

The remaining error charges the trial counsel with gross abuse of prosecutorial discretion by his references to deterrence during sentence argument. As our original decision in this case predated *United States v. Mosely & Sweisford*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976), and *United States v. Miller*, 24 U.S.C.M.A. 181, 51 C.M.R. 400, 1 M.J. 357 (1976), wherein the United States Court of Military Appeals addressed this subject, we have accordingly rescrutinized trial counsel's argument.

In the context of his argument as a whole, we are satisfied trial counsel's reference to deterrence did not amount to a statement that such factor justified a more severe punishment than otherwise appropriate on the basis of the evidence. *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R. 18 May 1976), pet. denied (6 August 1976).

Even if we were to conclude otherwise, in these circumstances the accused would be entitled to no relief. He stands convicted of offenses of larceny, assault, and indecent exposure, for which the maximum authorized punishment was a punitive discharge, forfeiture of all pay and allowances, confinement at hard labor for 18 months, and reduction to the grade of airman basic. Though the sentence of the court extended to confinement in the maximum amount, it included neither a punitive discharge nor any forfeitures of pay. On that basis, and in consideration of the record as a whole, the punishment is by no means inappropriately severe. *United States v. Bates*, 1 M.J. 841 (A.F.C.M.R. 12 April 1976); *United States v. Porter*, 1 M.J. 882 (A.F.C.M.R. 30 June 1976). And even if we assume for this discussion that it was excessive when adjudged, we would presently be disinclined to afford relief. See *United States v. Peters*, 8 U.S.C.M.A. 520, 25 C.M.R. 24 (1957).

In post-trial action, the period of confinement was reduced to 15 months. That period has by now expired, and the accused, we are informed, has been administratively discharged from the Air Force for reasons unrelated to the court-martial. Accordingly, such adverse effects as there might have been on the sentence have been fully dissipated. *United States v. Mosely*, supra.

For the reasons stated, the findings of guilty and the sentence as modified by the convening authority are

AFFIRMED.