**UNITED STATES**

v.

**Private E–1 Alton R. WOOD, 275–44–8240, U. S. Army, Personnel Control Facility, U. S. Army Signal Center and Fort Gordon, Fort Gordon, Georgia.**

**CM 434291.**

U. S. Army Court of Military Review.

Sentence Adjudged 13 Nov. 1975.

Decided 5 Nov. 1976.

Appellate Counsel for the Accused: CPT Nicholas P. Retson, JAGC; CPT Sammy S. Knight, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

**OPINION OF THE COURT**

JONES, Senior Judge:

The appellant comes before this Court convicted of the offense of desertion in

violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885. We are reviewing the case pursuant to Article 66, UCMJ.

The appellant contends here as he did below that the court-martial had no jurisdiction to try him because his entry into the service was coerced. It was stipulated by the parties that appellant submitted to induction into the Army in return for the dismissal of federal indictments against him. Those indictments were for failure to notify his local draft board of his change of address.[1]

The appellant testified that the agreement regarding the dismissal of the indictments was made between his lawyer and the local United States attorney at a hearing in federal court. Appellant was taken subsequently from the jail to the Armed Forces Examining and Entrance Station in handcuffs by two agents of the Federal Bureau of Investigation. After a physical examination, mental test, and other procedures appellant was sworn into the Army and directed to proceed to Fort Jackson, South Carolina. Appellant deserted instead.

The appellant argued that his "voluntary induction" was made under duress; that under the holding of *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), his entry into service was void; and that the Army was without jurisdiction over his person. The military judge denied the motion to dismiss for lack of jurisdiction, making findings of fact on 16 questions submitted by the prosecution. The appellant thereupon pleaded guilty to the charge and specification.

██ We hold that the military judge's ruling was correct. His findings of fact are

supported by the evidence and we are convinced that appellant was properly inducted. The Record of Induction (DD Form 47), the Acknowledgment of Service Obligation (USAREC Form 180–R), and the orders issued by the Examining and Entrance Station all support that conclusion.

There are several factors that distinguish this case from *Catlow*. First *Catlow* involved an enlistment and not an induction. It is not disputed that appellant's induction was coercive in that he was forcibly taken to the induction station and required to choose between what to him were two undesirable alternatives—jail or induction.[2] Unlike *Catlow*, however, such coercion was not illegal. The induction process by its very nature was coercive but the appellant was not forced to surrender a right that he otherwise possessed. He had no right to be free of the draft.

A second distinction from *Catlow* is that here the appellant had no underlying disqualification for military service. The pending indictments for failing to notify the draft board of his new address were properly dropped when the induction was completed. This was a variation of the procedure outlined in paragraph 3–9c(3), AR 601–270, wherein federal charges under the Selective Service Act are dropped after induction.[3] The only other possible disqualification was conscientious objector status but that was not available either as the appellant had not followed the necessary procedures to attain that status.

The two bases for the holding in *Catlow*, viz., illegal coercion and disqualification for service, were not present here. Therefore, we find the appellant subject to the jurisdiction of the court-martial.

---

1. We can only speculate as to why appellant was indicted for failing to give notice of his new address rather than for the more serious offense of failing to report for induction as reflected in his Selective Service System record.

2. Many draftees prefer not to be drafted but they prefer jail even less so they choose to be inducted. No one would seriously contend that they were thereby subjected to illegal coercion.

3. This procedure is not to be confused with the practice of "volunteer[ing] for induction . . ." "in lieu of civilian trial or punishment . . ." which was condemned by The Judge Advocate General of the Army. *See* the letter in the Appendix to *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974). That undesirable practice was related to criminal charges other than those under the Selective Service Act.

One final matter requires comment. The trial counsel argued for the maximum sentence to protect the integrity of the induction process and to deter "anyone in the future who would ever breach [his] obligation as a citizen and a soldier . . .." This was error which we believe affected the sentence. *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for ten months, forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Judges O'DONNELL and FELDER concur.