**UNITED STATES**

v.

**Fred J. NIXON, 523 94 3077, Seaman Apprentice E–2, U. S. Navy.**

**NCM 76 0497.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 Oct. 1975.

Decided 2 Feb. 1977.

LT Howard L. Schwarts, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before MURRAY, Senior Judge, and MALLERY and GREGORY, JJ.

PER CURIAM:

This case was previously before our Court, *United States v. Nixon,* No. 760497 (N.C.M.R. 16 Aug. 1976) and returned for a

new review and action by a different convening authority. The action ordered by this Court has been accomplished and the record is once again before us for consideration. The appellant now assigns as error an allegation of improper argument by trial counsel "that the interests of the Navy in deterring assaults would demand the members award the maximum sentence." We are not persuaded by the appellant's contentions since the record does not support the predicate that trial counsel made reference to deterrence of others as a sentencing consideration as proscribed in *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

In his argument on sentence, the trial counsel referred to the needs of the Navy and what was in the best interests of the Navy in discussing what punishment should be awarded in this case. (R. 125). Such argument does not fall within *Mosely's* proscription against arguing that an accused be punished as an example to others. Rather, trial counsel made reference to entirely proper considerations in the sentencing process, *i. e.*, the needs and welfare of society. Here, "society" is used in the context of the United States Navy.

We note that the Military Judges' Guide contains sample sentencing instructions not unlike the matters referred to by trial counsel in this case. That guide provides that the military judge may instruct the court members that:

> [i]n arriving at your determination [as to an appropriate sentence], you should select the sentence which will best serve the end of good order and discipline, the needs of the accused, and the welfare of society. [Military Judges' Guide, DA Pam No. 27–9, at pages 8–9].

The argument of trial counsel was proper, and the trial court's instruction to the members which followed did no more than advise the members in a similarly, proper context. Appellant's assignment of error is denied.

We have carefully considered the petition for clemency submitted in this case and the appellant's progress and steps towards rehabilitation while in confinement. We are disposed to give the appellant credit for the progress he has made and give credence to the sincerity of his contrition over the seriousness of his conduct. Accordingly, the findings are affirmed, but only so much of the sentence as provides for a bad conduct discharge, forfeiture of all pay and allowances, reduction to pay grade E–1, and confinement at hard labor for 18 months is affirmed.