**UNITED STATES, Appellee,**

v.

**Private (E–1) Duane GRAY, SSN
568–08–2206, United States
Army, Appellant.**

**CM 437360.**

U. S. Army Court of Military Review.

22 Feb. 1979.

Captain R. Wade Curtis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Willard E. Nyman, III, JAGC.

Captain Landon P. Snell, III, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

**PER CURIAM:**

In a contested trial before a general court-martial with members, appellant was found guilty of aggravated assault and possession of marihuana. After being instructed by the military judge that the maximum punishment for these offenses was a dishonorable discharge, confinement at hard labor for eight years, and total forfeitures, the members sentenced appellant to be confined at hard labor for three years, to forfeit all pay and allowances, and to be dishonorably discharged from the service. The convening authority reduced the period of confinement to two years and nine months, and otherwise approved the sentence as adjudged.

The military judge in the case at bar denied a defense motion to limit the maximum sentence to confinement for the marihuana offense to two years. In accordance with this ruling, his subsequent sentencing instructions to the court members were based upon a determination that the maxi-

mum period of confinement for a marihuana offense is five years. The judge's holding was based upon the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition), and *United States v. Dillard,* 4 M.J. 577 (A.C.M.R.1977) *(en banc), affirmed,* 5 M.J. 355 (C.M.A.1978). Appellant nevertheless contends that the military judge erred by denying his motion, resulting in a denial of equal protection of the laws, as that concept is embodied in the Fifth Amendment. *See Schneider v. Rusk,* 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964); *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

The basis for appellant's position is that marihuana is but one of a family of drugs classified as hallucinogens,[1] and that, in the absence of any demonstrated rational basis for according different punishments for different drugs within that classification, it is a denial of equal protection to subject a marihuana offender to a punishment more severe than that provided for a person convicted of a similar offense involving some other hallucinogen.

■ The Government's first response to this assigned error is that appellant has raised a matter which cannot be litigated for the first time on appeal. Contending that appellant's brief and the matters stated therein are not evidence, the Government asserts that there are no facts before this Court upon which we may decide whether or not a rational basis exists for punishing marihuana offenses more severely than offenses involving other hallucinogens. We reject the Government's position on this threshold issue. We will not preclude an appellate challenge on equal protection grounds to the operation of the Table of Maximum Punishments solely because the challenge was not asserted, or was asserted on other grounds, at the trial level. *See generally United States v. Harden,* 1 M.J. 258 (C.M.A.1976); *United States v. Warren,* 49 C.M.R. 396 (A.C.M.R.1974) (O'Donnell, J., concurring), *pet. denied,* 49 C.M.R. 889 (C.M.A.1975). And although

one consequence of the defense's failure to raise this precise issue at trial is that no testimony appears in the record concerning the nature and effects of the various drugs, such a failure, though it limits the sources and amount of information available to us, does not preclude consideration of the issue. We conclude that findings of fact on the above matters are not essential to a decision of the error assigned, and we otherwise find a degree of factual development sufficient to permit resolution of the question of law raised in this appeal. *See United States v. Graves,* 1 M.J. 50 at 53 (C.M.A.1975).

■ The principles which apply to a claim that a classification made pursuant to statute denies equal protection of the laws are well recognized. Unless a "suspect classification" or fundamental Constitutional right is involved, the test for measuring a classification's validity is whether it may be justified on some rational basis. *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Inasmuch as possession of marihuana involves no suspect classification or fundamental right, we will apply the "traditional" equal protection analysis to this case. Under this test, a classification made pursuant to a grant of statutory authority is entitled to a presumption of validity and will not be struck down if any state of facts reasonably may be conceived of to justify it. *McGowan v. Maryland, supra; Salsburg v. Maryland,* 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281 (1954). The burden of establishing the invalidity of a classification rests upon the party asserting it. *See Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *United States v. Berrigan,* 482 F.2d 171 (3d Cir. 1973); *United States v. Malinowski,* 472 F.2d 850 (3d Cir. 1973), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973).

In striving to meet his burden of proof, appellant has called to our attention two

[1]. *See* Schedule of Controlled Substances, Schedule I, 21 C.F.R. § 1308.11(d) (1978).

matters of which we may take judicial notice. The first is that marihuana, like many of the drugs proscribed under Article 92, is classified as a hallucinogen in Schedule I of the Schedule of Controlled Substances, 21 C.F.R. § 1308.11(d) (1978). This is a fact on which appellant relies to establish that these various substances are essentially similar. The second matter which appellant has brought to our attention is the holding of the Supreme Court of Illinois in *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407 (1971), where it was decided that, considering the presently known facts about the comparative nature and effects of the drugs involved, there was no rational basis to group marihuana with the narcotic drugs for punishment purposes, rather than with certain controlled "stimulant or depressant" drugs.

Our analysis of the *McCabe* case is limited to the legal effect of the holding therein. Although the majority opinion in *McCabe* set out a brief description of certain scientific, medical, and social effects of various drugs, those descriptions were based upon matters obtained from the briefs before that court, which matters are not available to us. Therefore, while we take judicial notice of the *McCabe* opinion, we cannot accept as factually accurate the summaries of the effects of the various drugs described therein.[2] We conclude, moreover, that the holding in *McCabe* was a limited one, and that that decision, even were it binding on us, would not compel the result which appellant here urges. Prior to August 1971, Illinois punished marihuana offenses under its Narcotic Drug Act, while certain other drugs (including a variety of barbiturates and hallucinogens) were classified as "stimulant or depressant drugs" under the Illinois Drug Abuse Control Act, whose violations were punished much less severely. *McCabe* held only that when a drug must be categorized for punishment purposes ei-

ther as narcotic or as a "stimulant or depressant," there is no rational basis for grouping marihuana with the narcotics instead of the latter category, which it more closely resembles. *McCabe* did not hold that it was impermissible *per se* to punish marihuana differently than other drugs in the "stimulant or depressant" category, nor did it hold that all drugs with similar characteristics must be punished similarly. Indeed, the *McCabe* majority noted that Illinois had recently changed its legislation so that future first-time marihuana offenders would be punished even less severely than offenders under the Drug Abuse Control Act. Apparently concerned that its likening of marihuana to the "stimulant or depressant" drugs would be taken as requiring penalties for drugs in the latter category to be lowered to the level to apply in the future to marihuana cases, the Illinois Court added, "This reclassification is not inconsistent with what we have said here." *Id.* at 350, 275 N.E.2d at 414.

In view of the foregoing, we hold that *McCabe* is inapposite to the instant case. There are, in Army courts-martial, three ways in which drug offenses may be punished. Offenses involving habit forming narcotic drugs may be charged only under the provisions of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. Similarly, marihuana prosecutions may be brought only under that Article. The President has established in the Table of Maximum Punishments a ten-year maximum sentence to confinement for offenses involving narcotics, and a five-year maximum for marihuana. The Secretary of the Army, acting pursuant to 10 U.S.C. § 3012(g), has promulgated a lawful general regulation prohibiting certain offenses involving dangerous drugs,[3] a violation of which subjects the offender under Article 92, 10 U.S.C. § 9892, *inter alia*, to a two-

---

2. We therefore do not reach the significance of *McCabe's* apparent finding that marihuana's effects (unlike those of most of the "stimulant or depressant" drugs) vary markedly with the social setting or environment in which it is used. Though not addressed in *McCabe*, this finding generates concern that use of marihua-

na in the unique environment of most military installations might result in reactions different than those experienced by users in a civilian setting.

3. Paragraph 5–2a (7), AR 600–50 (20 October 1977).

year maximum. The Army's punishment system for drug offenses, while recognizing a difference between marihuana and the dangerous drugs, differs from the Illinois system by also recognizing a difference between marihuana and the narcotics.

■ We find no reason to conclude that the Army system described above is without rational foundation. Appellant, who must carry the burden of proof on this issue, offers us only the factual conclusions drawn by the *McCabe* opinion[4] and the fact that marihuana, like many of the dangerous drugs, appear on the same schedule in the Schedule of Controlled Substances. We believe that appellant's focus is too narrow. Dealings in a drug may be forbidden because of the drug's potential to harm its users, or because a person under the influence of the drug might be likely to harm others. In the context of military society, however, dealings in a drug may also be forbidden because they cause an adverse impact on the discipline and fitness of military members, and upon the readiness and ability of military units to perform their missions. A Presidential determination via the Table of Maximum Punishments that marihuana (whether because of its availability and popularity among many soldiers, or for other reasons) presents a threat to military discipline and readiness different and more immediate than that presented by the drugs dealt with by Article 92 would be a valid basis for punishing marihuana more severely than the latter. Such a determination depends less upon an analysis of the physiological and psychological effects of any given dosage of a particular drug than upon the danger posed by the pattern and prevalence of marihuana abuse in military society. The fact that all of the drugs

involved may generally be described as hallucinogens is not in itself controlling of this issue,[5] and we conclude that there was a reasonable basis available to the President, existence of which basis has not been negated by the party with the burden of proof on this issue, for a determination that dealings in marihuana must be both punished and deterred[6] to a greater extent than those in the drugs punishable under Article 92.

We have examined the other errors assigned, and we conclude that none of them warrant discussion.

The findings of guilty and the sentence are affirmed.

---

4. *See* n.2, *supra.*

5. *See Billings v. Illinois*, 188 U.S. 97, 102, 23 S.Ct. 272, 278, 47 L.Ed. 400 (1903): "Things may have very diverse qualities, and yet be united in a class. They may have very similar qualities, and yet be cast in different classes . . . All classification . . . must primarily depend upon purpose—the problem presented." *Accord, Truax v. Raich*, 239 U.S. 33, 43, 36 S.Ct. 7, 11, 60 L.Ed. 131 (1915): "We

have frequently said that the legislature may recognize degrees of evil and adapt its legislation accordingly [citing cases]; but underlying the classification is the authority to deal with that at which the legislation is aimed."

6. The concept of "general deterrence" is a factor included within the maximum punishment prescribed by law. *See United States v. Mosely*, 1 M.J. 350 (C.M.A.1976).