JOHNNY DURHAM v. THE STATE.

No. 19716. Delivered May 11, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Floyd Harry,* of Farmersville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling whisky in a dry area; the punishment, a fine of $100.00.

Appellant pleaded guilty. An inspector of the State Liquor Control Board testified that on the 23d of October, 1937, he bought a half pint of whisky from appellant.

It is shown in bill of exception No. 2 that in his argument to the jury counsel for the State used language as follows: "It is unusual for a defendant not to waive a jury and try the case before the court, and then come in before a jury and plead

guilty." If the remarks of counsel were improper—and this is not conceded—we are unable to reach the conclusion that they were prejudicial. Not only did appellant enter a plea of guilty but the State introduced proof conclusively showing that he sold whisky in a dry area. The jury assessed the minimum penalty of $100.00. We think the bill of exception fails to reflect error.

Bill of exception No. 4 recites that one of counsel for the State in argument to the jury used language as follows: "If you assess the minimum punishment, you are making yourself an accomplice [referring to the defendant] to go back and commit the same crime." The jury evidently disregarded the argument, as is evidenced by their action in assessing the minimum penalty. The bill is without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant earnestly insists that we erred in our original opinion in holding that the arguments complained of evidently did not prejudice the minds of the jury against him because they assessed his punishment at a fine of $100.00, the lowest monetary punishment which could be assessed. He argues very adroitly by taking the position that the jury could have assessed his punishment at confinement in the county jail for one minute; that consequently the argument was prejudicial. We can not agree with him for two reasons: (1) We do not regard the argument complained of as of such inflammatory and prejudicial nature as would require a reversal; and (2) it is shown by the verdict of the jury that such argument did not have the effect complained of. They could have assessed his punishment at a fine of $1,000.00 and confinement in the county jail for a period of one year.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.