UNITED STATES, Appellee,

v.

Michael LANIA, Private, U. S.
Army, Appellant.

No. 36,465.

CM 437118.

U. S. Court of Military Appeals.

July 14, 1980.

For Appellant: *Captain Robert M. Twiss* (argued); *Major Benjamin A. Sims, Captain Larry D. Anderson, Captain James H. Weise* (on brief); *Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse.*

For Appellee: *Major Robert B. Williams* (argued); *Colonel Thomas H. Davis, Major David McNeill, Jr., Captain Landon P. Snell, III* (on brief); *Lieutenant Colonel R. R. Boller, Major Ted B. Borek, Captain William J. Douglas.*

*Opinion of the Court*

EVERETT, Chief Judge:

On March 17, 1978, appellant was tried at Fort Ord, California, by a general court-martial with enlisted members. Pursuant to his pleas, he was found guilty of one specification of attempted larceny by check; one specification of unauthorized absence from October 3, 1977, to January 17, 1978; 15 specifications of larceny by check totalling about $600; and 21 specifications of making worthless checks with intent to defraud. For these offenses, in violation of Articles 80, 86, 121, and 123a, Uniform Code of Military Justice, 10 U.S.C. 880, 886, 921, and 923a, respectively, he was sentenced to a bad-conduct discharge, confinement at hard labor for 2 years, forfeiture of $200 pay per month for 24 months, and reduction to Private E-1. However, pursuant to a pretrial agreement, the convening authority disapproved the confinement and forfeitures in excess of 12 months. On August 15, 1978, the United States Army Court of Military Review affirmed without opinion the findings and sentence as approved. The appellant's petition for review was then granted on two assigned issues.

■ The first issue concerned the receipt into evidence for sentencing purposes of certain records of nonjudicial punishment. Appellant contested their admissibility in light of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). However, since the records were prepared before the decision date of *Booker*, appellant's claim of error must be rejected. *United States v. Syro*, 7 M.J. 431 (C.M.A.1979).

The second issue related to the trial counsel's sentencing argument, which suggested that, among other things, the court members should consider general deterrence.

For example, the trial counsel argued:

He has been anything but [sic] a disgrace to the United States Army and a disgrace to the uniform that he wears. So therefore, the rehabilitation process should be passed by the wayside.

\*　　\*　　\*　　\*　　\*　　\*

Let the sentence here today be a sentence that is heard throughout this post so that other members of the United States Army know that if they're writing bad checks, if they're engaging in offenses of theft, that their punishment will be dealt with in a similar manner to Private Lania. That is very harshly and very severely, because that is what a theft [sic] surely deserves, and a thief 15 times over as we have in this particular case.

\* \* \* \* \* \*

Now gentlemen, that's what we are asking for in this case, retribution; and the only way we can show retribution; and the only way we can deter him and to possibly deter other people and perhaps while he's incarcerated the only way to rehabilitate him is to give him a substantial period of confinement and that's what we are going to ask for in this particular case gentlemen.

At the conclusion of trial counsel's argument, the defense counsel objected on several grounds—among them, that the trial counsel had argued general deterrence. In the defense's view, a jury may consider general deterrence, but the trial counsel may not ask for such consideration. Furthermore, defense counsel contended that "even if general deterrence is allowed in the argument, he is still not allowed to argue that he's to make an example" [sic]. The military judge was requested by the defense to give cautionary instructions.

The military judge responded, "No curative instruction will be given. The instructions as normally given by the court are sufficient . . . ." Subsequently, he instructed the court members to "vote for what you believe to be an appropriate sentence, based upon the plea, the offenses and the individual." Discussing the unitary sentence to be imposed, he explained that "the sentence will be individualized to him, in other words, it will fit this defendant based on his record, his motivations, circumstances and for these offenses." After exhorting the court members to "[c]onsider all matters in extenuation, mitigation, and aggravation," the judge adverted to such evidence as the records of nonjudicial punishment and the enlisted evaluation report which had been admitted to provide "a background picture about the defendant." He added:

As I said, you individualize a sentence for him based on the offenses for which he has been found guilty of committing. Another thing that you have got to keep in mind is that a plea of guilty is a matter of mitigation . . . . And also such a plea is a manifestation of repentance and may well be that first step back towards rehabilitation.

■ In evaluating the trial counsel's argument, we start from the premise that general deterrence is a proper function of sentencing. As Mr. Justice Stewart noted in his opinion for the Court in *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974):

An important function of the corrections system is the deterrence of crime. The premise is that by confining criminal offenders in a facility where they are isolated from the rest of society, a condition that most people presumably find undesirable, they and others will be deterred from committing additional criminal offenses.

Similarly, the Court of Appeals for the First Circuit has remarked:

However, the view that punishment should fit the offender has never yet been held to eliminate general deterrence as a factor to be considered along with others.

*United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974)—(relying on *Pell v. Procunier, supra*).

We observed that the duty to take the individual defendant into account did not mean a sentencing judge could not assess the sentence's presumed effects on others, and that general deterrence was a legitimate factor to be considered in arriving at a sentence. But always these effects had to be considered along with the individual circumstances of the defendant.

*United States v. Wardlaw*, 576 F.2d 932, 938 (1st Cir. 1978).

Although general deterrence is much criticized and cannot justify "mechanistic" imposition of stiff sentences . . . , general deterrence is a permissible consideration at sentencing.

*United States v. Miller*, 589 F.2d 1117, 1139 (1st Cir. 1978), *cert. denied* 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979).

Another Court of Appeals has noted that:

There is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing. The desire of New York to incarcerate Fielding both as an expression of outrage at his conduct and an attempt to deter others suffers from no constitutional infirmity.

*Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2nd Cir. 1977).

And in a footnote to this observation, the Court of Appeals pointed out:

Perhaps the most dramatic support for this is the recent decision of the Supreme Court in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), upholding the death penalty against an Eighth Amendment challenge.

*Id.*, n. 11.

Still another appellate court has emphasized, "Deterrence as well as reform and rehabilitation are legitimate objects of a sentence." *Howard v. Maggio*, 540 F.2d 1280, 1282 (5th Cir. 1976). Elsewhere the same Court of Appeals stated:

The Supreme Court has recently indicated, however, that rehabilitation is not the only end of punishment and that special and general deterrence are still valid considerations in making the punishment fit the crime. *Powell v. State of Texas*,

1968, 392 U.S. 514, 530, 88 S.Ct. 2145, 2153, 20 L.Ed.2d 1254.

*Castle v. United States*, 399 F.2d 642, 652 (5th Cir. 1968).

▮ The propriety of considering general deterrence in sentencing has been affirmed by a near unanimity of views among federal and state sentencing authorities in this country.[1] In fact, as Justice Marshall (concurring) observed in *Furman v. Georgia*, 408 U.S. 238, 343, 92 S.Ct. 2726, 2779, 33 L.Ed.2d 346 (1972) "Our jurisprudence has always accepted deterrence in general . . [among other factors] as proper goals of punishment[,]" citing *Trop v. Dulles*, 356 U.S. at 111, 78 S.Ct. at 603–604 (Brennan, J., concurring). While general deterrence is undoubtedly, then, a factor in setting maximum punishments, it is also relevant to the determination of a just sentence within the maximum limits prescribed.

▮ If our premise that general deterrence is a permissible consideration in sentencing is correct, then it ineluctably follows that a military judge may instruct court members in this regard. In view of the precedents of this Court which impose duties on a military judge to enlighten court-martial members on matters as to which no instruction was ever requested by counsel or by members, *see e. g., United States v. Jones*, 7 M.J. 441, 443 (C.M.A. 1979); *United States v. Jackson*, 6 M.J. 261, 263 (C.M.A.1979); *United States v. Sawyer*, 4 M.J. 64, 65 (C.M.A.1977), it would be incongruous to hold that it is error for the military judge to advise the members of a factor which, according to almost every authority, may properly be considered in sentencing.[2]

1. *See* cases and other authorities cited by Judge Fletcher in *United States v. Varacalle*, 4 M.J. 181, 182–83 (C.M.A.1978). *See also Trop v. Dulles*, 356 U.S. 86, 111–12, 78 S.Ct. 590, 603–04, 2 L.Ed.2d 596 (Brennan, J., concurring) (1958); *United States v. Braun*, 382 F.Supp. 214, 215 (S.D.N.Y.1974); *United States v. Paterno*, 375 F.Supp. 647, 648 (S.D.N.Y.1974), *aff'd* 498 F.2d 1396 (2d Cir. 1974), *cert. denied*, 419 U.S. 1106, 95 S.Ct. 777, 42 L.Ed.2d 802 (1975); *United States v. Lucas*, 2 M.J. 834, 835–37 (Clause, S. J., concurring), 837–40 (Cos-

tello, J., concurring) (A.C.M.R.1976); *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R.1976); *United States v. Bradley*, 50 C.M.R. 608, 623–24 (N.C.M.R.1975); *United States v. DeMinicis*, 47 C.M.R. 574, 579–80 (N.C.M.R.1973). *Cf.* A.L.I. Model Penal Code § 1.02 (1962); A.B.A. Standards, Sentencing Alternatives and Procedures § 3.2, Commentary, p. 147 (Approved Draft, 1968); 24B C.J.S. Criminal Law § 1974.

2. A rare instance in which a jury is intentionally kept uninformed of its power involves "jury nullification"—*i. e.,* the jury's power to disre-

**104**

■ Of course, if the military judge apprises the court members of general deterrence, he should also mention that there are other factors—such as rehabilitation of the accused—which the court-martial members may properly consider. It is simply a hallmark of our criminal justice system that court members be evenly and adequately guided in their deliberations. But to give one sentencing criterion and not mention others might be misconstrued as suggesting that the members ignore those other criteria. Likewise, if general deterrence is mentioned, it should be accompanied with an admonition to the court-martial members that, in any event, they must individualize their consideration of the sentence—that is, they should take into account the circumstances surrounding that case together with the character and propensities of the accused, as demonstrated by the evidence in the case. Indeed, a principal danger that has been recognized in the consideration of general deterrence is that it may foster a "mechanistic" imposition of sentence without proper attention to the situation of the particular accused. *See, e. g., United States v. Foss, supra* at 527.

■ Since general deterrence is suitable for consideration in sentencing and for instructions to the court-martial members, there is no reason to insulate this factor from argument by trial counsel. If the Government is to be allowed an opportunity to present argument on sentence, *see United States v. Olson,* 7 U.S.C.M.A. 242, 22 C.M.R. 32 (1956), then we can find no basis to prevent trial counsel from reminding the court members that general deterrence should be borne in mind. *Cf.* 75 Am.Jur.2d, Trial, § 229. Typically, when a judge is allowed to advise a jury that they may consider certain information, counsel may argue that they should consider it.[3]

■ Of course, just as the judge may not give an instruction which neglects the need for an individualized sentence and so, by implication, authorizes a mechanistic imposition of sentence predicated only on general deterrence, trial counsel may not invite the court members to rely on deterrence to the exclusion of other factors. Such an invitation borders on inflammatory argument.

Cases like *United States v. Mosely,* 1 M.J. 350 (C.M.A.1976), are best explained in terms of the Court's fear that a trial counsel's reference to general deterrence might become a plea for automatic imposition of severe punishments without consideration of the individual accused and the possibilities for his rehabilitations.

■ In borderline situations cautionary instructions from the military judge will minimize the possibility that court members have been misled by the argument of trial counsel. Thus, defense counsel should be alert to object and to seek cautionary instructions if they perceive a risk that court members are being diverted by trial counsel's argument from their duty to fit the punishment not only to the crime but also to the particular offender. Moreover, upon request or otherwise, military judges should not be parsimonious in giving instructions which make clear that sentencing must be an individualized process, even though general deterrence may be taken into account.

■ When we examine the record of the appellant's trial in light of the foregoing principles, no prejudicial error is discernible. Considered as a whole, the trial counsel's argument did not, in our view, constitute an invitation for court members to rely pri-

---

gard the applicable law. *See United States v. Dougherty,* 473 F.2d 1113, 1130–1137 (D.C.Cir. 1972); *cf. United States v. Moylan,* 417 F.2d 1002, 1005–1009 (4th Cir. 1969), *cert. denied,* 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970). Obviously such a situation is not present here.

**3.** An exception is presented by the rule of English practice whereunder judges may comment on a defendant's failure to take the stand, but the prosecutor may not argue to the jury that any adverse inference is to be drawn from his silence. 8 Wigmore, Evidence p. 433–4 (McNaughton rev. 1961).

marily on general deterrence;[4] nor did it tend to distract the court members from their task of imposing a sentence tailored to the accused who stood before them. Furthermore, if fault can be found with trial counsel's argument, the instructions given by the military judge were adequate to shield the appellant from prejudice. Indeed, our conclusion that the appellant was not prejudiced in any way is supported by a comparison of the sentence that was adjudged with the maximum punishment that the military judge instructed the court members was imposable for appellant's myriad offenses. *Cf. Durham v. State*, 135 Tex.Cr.R. 45, 117 S.W.2d 106 (1938).

The decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring):

Under the Manual for Courts-Martial,[1] the Government is limited as to the kinds of matter it can ask a court-martial to consider in deliberation on an "appropriate sentence."[2] Not included is argument that the sentence in a particular case may serve to deter others from committing the same crime. I believe, therefore, that military practice is, and intentionally was made, different from civilian practice. I have expressed that view in a number of cases, but see no purpose in continuing its reiteration in the face of the Court's withdrawal from *United States v. Mosely*, 1 M.J. 350 (C.M.A. 1976). I, therefore, do not now, and will not henceforth, raise objections to arguments by trial counsel for a more severe sentence than might otherwise be adjudged because increased severity may be thought, by the court members, to deter others from committing the same offense.

I agree with the principal opinion's disposition of the first issue and join in affirming the decision of the United States Army Court of Military Review.

---

4. Some other portions of trial counsel's sentencing argument, which are questionable, but were not objected to at trial by the defense, do not require consideration here. *United States v. Nelson*, 1 M.J. 235 (C.M.A.1975); *United States v. Woods*, 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969).

1. Manual for Courts-Martial, United States, 1969 (Revised edition).

2. See paras. 75 and 76, Manual, *supra.*