UNITED STATES, Appellee,

v.

Willie L. THOMPSON, Specialist Four,
U. S. Army, Appellant.

No. 38,086.
SPCM 13801.

U. S. Court of Military Appeals.

July 28, 1980.

For Appellant: *Colonel Edward S. Adam-kewicz, Jr., Major Lawrence D. Galehouse, Major John F. Lymburner, Captain Donald J. Perrault* (on brief).

For Appellee: *Lieutenant Colonel R. R. Boller, Major David McNeill, Jr., Major Robert B. Williams* (on brief).

*Opinion of the Court*

PER CURIAM:

The sole issue granted for review in this case is whether prejudicial error was committed when the trial counsel urged the court members during his sentencing argu-ment to consider general deterrence as a factor in sentencing the appellant.

*United States v. Lania,* 9 M.J. 100 (C.M.A.1980), resolves this issue against the appellant. In *Lania,* we stated that trial counsel may urge the court members to consider the general deterrence of others, so long as he does "not invite the court members to rely on deterrence to the exclusion of other factors." *Id.* at 104. In this case, trial counsel clearly did not issue such an invitation in urging the members to

mold if you will an appropriate sentence for the Accused in this case.

Obviously you must consider various elements, various functions, various crite-ria in coming to what is an appropriate sentence in this case, a fair sentence—one that is fair to the Accused, one that is fair to the United States of America, for this case is captioned United States of America versus Specialist Four Thomp-son. Therefore, your sentence must be one that is fair to both parties to this particular trial.

Now, you should consider, must con-sider, the Government contends, gentle-men, these various functions. Consider the rehabilitation of the accused—what would be required to rehabilitate the Ac-cused to become a productive member of society? Consider a deterrence of the Accused from future such acts of miscon-duct. Consider deterrence of other indi-viduals under the like circumstances, gen-tlemen, as an appropriate function in coming to an appropriate sentence. Con-sider retribution, that is, punishment for the offense committed by the Accused.

Furthermore, the military judge instruct-ed the court members to consider all the evidence that had been properly admitted in arriving at a sentence for the appellant. "For example, you may consider the evi-dence surrounding the circumstances of the offense, the background and character of the Defendant, his reputation and the rec-

ord within the service, the information contained in his DA Form 2 and 2–1, the testimony of supervisors who have testified here."

Thus, as contemplated by our decision in *United States v. Lania, supra*, the members were adequately apprised as to various factors they could consider in arriving at an appropriate and just sentence for the appellant.

The decision of the United States Army Court of Military Review is affirmed.