UNITED STATES, Appellee,

v.

Felipe T. SMITH, Private, U.S. Army, Appellant.

No. 37,786.

SPCM 13701.

U. S. Court of Military Appeals.

Aug. 18, 1980.

For Appellant: *Colonel Edward S. Adamkewiez, Jr., Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse* (on brief); *Captain James H. Weise.*

For Appellee: *Lieutenant Colonel R. R. Boller, Major David McNeill, Jr., Captain Harry J. Gruchala, Captain Rolland S. Roup* (on brief).

## OPINION OF THE COURT

PER CURIAM:

Appellant was tried by a special court-martial with officers and was found guilty of one specification of assault with a means likely to produce grievous bodily harm, and one specification of assault and battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. 928. He was sentenced to a bad-conduct discharge and confinement at hard labor for 6 months. The findings and sentence were upheld by all reviewing authorities. We granted review in this case to determine whether the military judge committed prejudicial error when he instructed the court members to "consider what effect, if any, the sentence which you impose may have in deterring others from considering other similar acts and misconduct."

Our recent case of *United States v. Lania,* 9 M.J. 100 (C.M.A. 1980), resolves this issue against the appellant. Therein, we state that a military judge—even on his own initiative—may instruct court members that general deterrence is a permissible consideration in sentencing, so long as he mentions other factors that may be considered as well and does not unduly focus on general deterrence. We also cautioned that, in any event, "the judge may not give an instruction which neglects the need for an individualized sentence." *Id.* at 104.

Here, even the appellant has recognized in his brief that the military judge did much more than instruct on general deterrence. The judge advised the court members to consider all matters in extenuation and mitigation and to consider favorable testimony, to include: that the appellant was not a problem to his unit; that his sergeant would take him back to his unit; and that the appellant was a very proficient person. He also told the members to consider the appellant's expressed desires for his future and that he already had been somewhat punished by having his pass priv-

ileges withdrawn.[1] Even more important, he instructed the members to consider the facts and circumstances surrounding the two offenses in arriving at an appropriate sentence. Such instructions were a clear exhortation to the court members to individualize the appellant's sentence, even though they could consider general deterrence of others in arriving at an appropriate sentence.

The decision of the United States Army Court of Military Review is affirmed.

1. This advice may not have been technically accurate, see *United States v. Wall*, 9 M.J. 88 (C.M.A. 1980), but any inaccuracy benefited the appellant.