UNITED STATES, Appellee,

v.

Bern B. GEIDL, Private First Class, U. S. Army, Appellant.

No. 38202/AR.
CM No. 437907/G.

U. S. Court of Military Appeals.

Jan. 12, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler, Captain Julius Rothlein* (on petition); *Captain Robert L. Gallaway.*

For Appellee: *Colonel R. R. Boller, Major David McNeill, Jr., Major Robert B. Williams* (on petition).

*Opinion of the Court*

PER CURIAM:

Pursuant to his pleas, the appellant was found guilty of aggravated assault on a warrant officer and possession of 70 grams of hashish, in violation of Articles 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 934, respectively. The general court–martial, composed of both officers and enlisted persons, then sentenced him to dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to E–1. In accord with a pretrial agreement, the convening authority reduced the period of confinement to 2 years and otherwise approved the adjudged findings and sentence. The United States Army Court of Military Review affirmed the findings and sentence as approved. Thereafter, we granted review on two issues which concern alleged errors in the sentencing procedure. (8 M.J. 233).

■ One of the issues relates to the admission in evidence of records of nonjudicial punishment. In light of *United States v. Mack*, 9 M.J. 300 (C.M.A. 1980), we must reach a conclusion contrary to the appellant's contentions; the DA Forms 2627 were properly completed and so could be received in evidence. The other issue, which concerns the propriety of the trial counsel's argument on sentence, requires more detailed scrutiny.

In defense counsel's opening argument on sentence he discussed some aspects of the offenses, referred to appellant's character evidence, and plead for mercy. Thereafter, during his argument, trial counsel suggested that "a stiff, hard sentence . . . is a deterrent to crime." When defense counsel immediately objected that deterrence of

crime may not be argued, the military judge properly overruled the objection. *Cf. United States v. Lania*, 9 M.J. 100 (C.M.A. 1980). Thereupon, trial counsel remarked that the military judge later would inform the court members of the maximum punishment; and he suggested that the maximum punishment "is a recognized deterrent to crime." Subsequently trial counsel concluded his argument in this way:

Can anybody in the Army ever be safe with a person who would attack an officer or an NCO with a knife over $500.00 worth of hash. The Government contends that you couldn't be. The Government doesn't feel that this man deserves any mercy. The only deterrent to this kind of conduct is the maximum punishment, not just a light punishment and dishonorable discharge. When you deliberate think about that—the maximum punishment. The Government will contend that the maximum punishment would be a deterrent to people who might commit this kind of crime.

A sidebar conference followed this argument, during which the military judge informed counsel that, although he had overruled the defense objection concerning references to deterrence in the trial counsel's argument, he would provide the court members "instruction on the limits concerning deterence [sic] and the extent to which it may be considered." After this conference, defense counsel made the final argument on sentence.

The military judge couched his instructions on deterrence in these terms:

At this time I'd like to pause to provide you with an instruction concerning deterrence—the trial counsel has presented argument in the form of argument based upon general deterrence. Deterrence of others is an acceptable objective of sentence, it is only one of the many acceptable objectives of sentence and it is proper for your consideration. However, it is important that you remember, as members of the court, when considering deterrence that the most effective deterrent is the imposition of a fair and just sentence for the offenses that the accused admits and not a sentence which is excessive to the offense charged. Such a sentence would be an improper sentence given for an improper motive if it is not justified by the acts themself [sic]. Be very careful that you are not misled into over–sentencing or over–reacting on the theory that perhaps a harsh or unjustified sentence would constitute a greater degree of deterrence than would a proper sentence for the offense concerned.

In *Lania*, while holding that a military judge may instruct on deterrence and trial counsel may argue thereon, we warned that "trial counsel may not invite the court members to rely on deterrence to the exclusion of other factors. Such an invitation borders on inflammatory argument." We adverted to "the Court's fear that a trial counsel's reference to general deterrence might become a plea for automatic imposition of severe punishments without consideration of the individual accused and the possibilities for his rehabilitation." *Id.* at 104.

■ In the case at hand, it appears that the argument of trial counsel was on the borderline of propriety. Entreaties that court members imposed the maximum sentence are quite susceptible to an interpretation that the Government is inviting a reliance "on deterrence to the exclusion of other factors." Nonetheless, in light of the instruction on deterrence by the military judge and the substantial reduction in sentence which appellant received pursuant to the pretrial agreement, we are sure that this appellant has not been prejudiced by any excesses in the trial counsel's rhetoric.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.