UNITED STATES

v.

**Staff Sergeant Jorge A. GARCIA, FR 463–02–9196, United States Air Force.**

ACM 24238.

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 June 1983.

Decided 13 July, 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Bruce T. Brown.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

FORAY, Senior Judge:

Appellant was convicted by a general court-martial of two offenses of committing lewd and lascivious acts with the same female who was under the age of 16 years. The approved sentence extends to dishonorable discharge, confinement at hard labor

for six years, and reduction to the grade of airman basic.

Appellant makes claim that two errors were committed during his trial which require remedial action by this Court.

## I

The first of the two claims we shall review is:

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

This assignment of error has multiple aspects which will be discussed *seriatim.*

## A

THE TESTIMONY BY CAPTAIN EBERT DURING FINDINGS, VIOLATED MILITARY RULE OF EVIDENCE 404(a) AND ITS ADMISSION WAS PLAIN ERROR.

Captain Ebert, a clinical psychologist, was called and established as an expert witness by the prosecution. He testified that a battery of psychological tests was administered to the accused and that several lengthy interviews were conducted with him. Captain Ebert opined that, as a result, the accused fit the psychological profile of a "child molester" and was capable of committing the offenses charged. He further opined that one of the validity scales included within the psychological tests performed was very much elevated indicating the accused had a tendency to "present himself in a way that is far beyond what would be expected of him even though that is contrary to his basic nature." Captain Ebert testified without objection from trial defense counsel.

During cross-examination by trial defense counsel, however, Captain Ebert allowed that the tests conducted on the accused merely indicated a capacity to act in a certain way and did not predict his behavior. He stated that a person having a profile of a "sex offender" does not mean that the person will commit a sex offense.

He further testified that he had once tested a self-confessed child molester who showed a "normal psychological profile."

## B

THE TRIAL COUNSEL VIOLATED M.R.E. 301(f)(3) DURING CROSS-EXAMINATION OF APPELLANT.

The victim of the offenses had testified that before the accused committed the acts alleged she heard the accused's pants unzip and then saw him place a towel on his lap.[1] She later saw the fly of the accused's trousers to be, in fact, unzipped. The accused, testifying in his own behalf, denied unzipping his trousers in the victim's presence as stated by her, but admitted that his fly was, indeed, unzipped. He stated he first noticed that condition after the victim had departed his presence at which time he remedied the situation.

On cross-examination of the accused the trial counsel sought to show that the accused's explanation as to the innocent and inadvertent "open zipper" was of recent fabrication. Trial counsel elicited testimony from the accused that when confronted with an allegation against him by the victim's mother on the day in question he never offered his explanation as to why his fly had been unzipped. Also elicited from the accused was the testimony now claimed to be violative of M.R.E. 301(f)(3). That was testimony of the accused that he never offered any exculpatory version regarding his "open zipper" to his commander or certain superior noncommissioned officers either. No objection to this line of questioning by trial counsel was offered by defense counsel.

## C

CAPTAIN EBERT'S PRESENTENCING TESTIMONY WAS INADMISSIBLE.

Without objection by defense counsel, trial counsel asked Captain Ebert his opinion regarding the general recidivism rate for

---

**1.** At the time pertinent hereto the victim was undergoing a dental prophylaxis performed by the accused, a dental technician, in an examination room of the base dental clinic.

persons who commit sexual offenses on children. He answered:

> Yes. It's great. It's better than 80 percent without incarceration. It's slightly a little bit less with incarceration without a treatment program. In actual prisons where there are somewhat non-formalized treatment programs, it's slightly less than that and for extensive programs, of which there are only a few in the country, it can be very, very low. Essentially what I am saying is that without treatment expect recidivism.

## D

### TRIAL COUNSEL'S SENTENCING ARGUMENT WAS IMPROPER.

The complained of argument was not met with objection at trial. It emphasized Captain Ebert's testimony cited above regarding recidivism and treatment. Trial counsel asked the court members to consider the fact that if the accused is confined for seven years no child would be molested by him for that period. He also asked the court members to consider "a 75 percent chance that he's going to get out of there very shortly and commit another criminal offense just like this." He further argued that a brief period of confinement would result in subjecting another young girl to suffer through the indignities and humiliation the victim in this case endured if a substantial period of confinement was not adjudged.

Appellate defense counsel have submitted a Motion for Leave To File Affidavit of Trial Defense Counsel which we grant. The affiant[2] unabashedly acknowledges failing to object to those matters which constitute the gravamen of this appeal. The reasons advanced for the failure to object were counsel's inexperience and the uncomfortable feeling caused by it. Appellate defense counsel contend trial defense counsel's ineffectiveness during the findings portion of the trial requires reversal of the findings and sentence in the case.

Counsel's ineffectiveness during the sentencing portion of the trial, they say, would require a rehearing on the sentence in the case.

[1] The Court of Military Appeals has construed an accused's right to be represented by counsel, as provided for under Article 27(a), U.C.M.J., to mean the right to be represented by an effective counsel. Also, the accused is entitled to a reasonably competent counsel who exercises that competence throughout the trial in the accused's behalf. *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982); *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977); *United States v. Walker*, 21 U.S.C.M.A. 376, 45 C.M.R. 150 (1972). That Court has said, though, the device for measuring the existence or absence of the required degree of counsel's competence in a criminal trial has been ambiguously stated. It is clear, however, that

> [m]ere mistakes and errors in judgment of counsel are insufficient to establish a violation of the defendant's constitutional [or statutory] right to effective assistance of counsel. It is only where the mistakes or errors amount to inadequate or ineffective assistance of counsel that it can be said that the appellant has been denied his constitutional [or statutory] right of assistance of reasonable competent counsel and one rendering reasonably effective assistance.

*United States v. Rivas supra; United States v. Hancock*, 49 C.M.R. 830 (A.C.M. R.1975).

Recently the United States Supreme Court decided a case which required it to consider the proper standards for judging an assertion by a criminal defendant that the Constitution requires a conviction or death sentence to be set aside because of the ineffective assistance of counsel at the trial or sentencing. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To require a reversal

---

**2.** The convening order shows trial defense counsel was certified in accordance with U.C.M.J., Article 27(b) and designated by The Judge Advocate General for detail as an Area Defense Counsel, Headquarters, United States Air Force Judiciary.

of a conviction, or death sentence, they said, the defendant must show that counsel's assistance was defective in two essentials. These are:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

When a conviction is thus challenged, the question is whether there is a reasonable probability that, without the errors, the factfinder would have had a reasonable doubt as to guilt. When the sentence is so challenged, the question is whether there is a reasonable probability that, without the errors, the sentencer would have concluded the sentence should have been less severe. To make this determination, the court deciding a claim of ineffectiveness of counsel must consider the totality of the evidence before the factfinder or sentencer. In this regard the Court in *Strickland* said:

> Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defend-

ant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

■ Our task now will be to determine whether trial defense counsel's assistance was so defective that it deprived the accused of a fair trial, a trial whose result is reliable. Since the alleged ineffective assistance of counsel occurred during both the findings and sentencing portions of the trial we will separately evaluate counsel's performance as to each part. To accomplish our task we will assume, without deciding, that counsel did commit error by not objecting to those matters pointed out in this appeal.

■ We do not find that Captain Ebert's testimony during the findings portion of the trial had any substantial impact upon the outcome of that portion. Any damaging aspects of his testimony given on direct examination had been effectively neutralized by the testimony elicited from him upon cross-examination by trial defense counsel. In our view the court members determined the accused's guilt by resolving the conflicting evidence between the victim and the accused without resort to Captain Ebert's testimony. Our view is supported by the fact that after the court members were instructed by the military judge relative to the findings in the case, the president of the court requested that the members be allowed to review the complete testimony of the victim and the accused. When the judge advised the president of the technical difficulties involved in the "playback" of the requested testimony, the president advanced an alternate method of resolving the court members' request. That method was to allow the members to view the room in the base dental clinic where the offenses were alleged to have taken place. The request was granted and the viewing accomplished.

■ We do not find trial counsel's cross-examination of the accused to be such as to improperly bring before the court evidence of the accused's right to remain silent.

M.R.E. 301(f)(3). The aim of trial counsel's questioning was directed toward showing the court members that the accused's direct testimony regarding the inadvertant open position of his "fly" was of recent origin and not toward showing the accused exercised his constitutional right to remain silent. The thrust of trial counsel's findings argument in this regard supports our conclusion. *United States v. Reiner*, 15 M.J. 38 (C.M.A.1983); *United States v. Moore*, 1 M.J. 390 (C.M.A.1976).

With regard to the findings portion of the trial we conclude that the trial defense counsel's failure to object in those areas alleged was not so serious an error showing counsel was not functioning as the "counsel" guaranteed the accused by the Sixth Amendment. Nor do we find counsel's errors so serious as to deprive the accused of a fair trial. We are convinced the findings in this case would reasonably likely have not been different had the errors not been made. *Strickland v. Washington; United States v. Jefferson; United States v. Rivas; United States v. Walker*, all *supra*.

█ Captain Ebert's testimony during the sentencing part of the trial regarding recidivism was based on his experiences and research concerning that subject. *United States v. Snipes*, 18 M.J. 172 (C.M.A.1984); M.R.E. 702 and 703. His testimony and trial counsel's comments thereon during the sentencing argument tended toward influencing the court members to adjudge a sentence in the case that would act as a deterrent to the accused with respect to future similar misconduct. Deterrence evidence and argument is generally permissible. *United States v. Thompson*, 9 M.J. 166 (C.M.A.1980); *United States v. Lania*, 9 M.J. 100 (C.M.A.1980). Likewise, trial

counsel's argument as to the "indignity, the humiliation" the victim experienced by having to testify at the trial is generally permissible. *United States v. Hammond*, 17 M.J. 218 (C.M.A.1984); *United States v. Marshall*, 14 M.J. 157 (C.M.A.1982). We find defense counsel's failure to object in this regard did not amount to such defective performance denying the accused a fair trial as to sentencing.[3] *Strickland v. Washington, supra*.

## II

Appellant also avers:

### THE SPECIFICATIONS ARE MULTIPLICIOUS FOR FINDINGS PURPOSES

█ The accused has been charged with the offenses of committing a lewd and lascivious act upon the victim by exposing his penis to her, with intent to arouse and gratify his lust, passions, and sexual desires (Specification 1) and assault with intent to commit sodomy on the same victim by placing his penis on her face (Specification 2), in violation of U.C.M.J., Article 134. Both offenses were alleged to have occurred at the same time and place. He was found guilty of Specification 1, as charged, and, of Specification 2, by exceptions and substitutions, of committing a lewd and lascivious act upon the victim by placing his penis on her face, with intent to gratify his lust, passions and sexual desires. Appellate Government counsel agree with appellant's contention. We, too, agree. By its findings as to Specification 2 the court found the accused guilty of the same criminal offense which was alleged in Specification 1. They are duplicative as a matter of law.[4] *United States v. Baker*, 14 M.J. 361 (C.M.A.1983).

The offense was alleged to have taken place at the base dental clinic while the accused was in the performance of his duties.

3. The military judge instructed the court members to consider the facts and circumstances surrounding the commission of the offenses, and all matters in extenuation, mitigation, and aggravation, properly before them in determining an appropriate sentence. One of the matters in aggravation before the court was an Article 15, U.C.M.J., record of punishment imposed on the accused for the offense of indecent assault upon a female under the age of 16 years.

4. The military judge treated both specifications as multiplicious for sentencing; therefore, the accused suffered no prejudice as to the sentence. *United States v. Allen*, 16 M.J. 395 (C.M.A.1983).

Accordingly, the findings of guilty of Specification 1 of the Charge are set aside and dismissed and the findings of guilty of Specification 2 of the Charge and the sentence are

AFFIRMED.

SNYDER and O'HAIR, Judges, concur.