# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201700094

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## ANTONIO P. PALANG
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Forrest W. Hoover, USMC.
Convening Authority: Commanding Officer, 2d Battalion, 10th
Marine Regiment, 2d Marine Division, Camp Lejeune, NC
Staff Judge Advocate's Recommendation: Lieutenant Colonel
Winston G. McMillan, USMC.
For Appellant: Lieutenant Colonel Richard A. Viczorek, USMCR.
For Appellee:  Captain Robert P. Schulhof, Jr., JAGC, USN; Major
Kelli A. O'Neil, USMC.

———————————

Decided 31 October 2017

———————————

Before MARKS, JONES, and LOCHNER, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

At a special court-martial, a military judge convicted the appellant, pursuant to his pleas, of wrongful use, introduction, and distribution of psilocybin, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2016). The military judge sentenced the appellant

to 60 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises a single assignment of error—that the trial counsel made improper argument at sentencing. Having carefully considered the record of trial and the parties' submissions, we conclude the findings and sentence are correct in law and fact, and find no error materially prejudicial to the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

During the plea colloquy, the appellant admitted that on 24 June 2016 he purchased psilocybin ("mushrooms") from a drug dealer in Jacksonville, North Carolina, and ingested a quantity of it before heading back to Marine Corps Base Camp Lejeune. Believing himself too incapacitated to drive his vehicle aboard the base, he called a fellow Marine, Private (Pvt) J.C., to come pick him up and bring his vehicle on base. Once on base and in the housing area, the appellant retrieved the remaining psilocybin from his vehicle and shared it with Pvt J.C.[1]

During the sentencing portion of the trial, the trial counsel began his argument by asking the military judge to impose a sentence that included 150 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The trial counsel argued:

> Sir, the sentence requested by the government is deliberate and tied to the offenses that have been alleged and pled guilty to. Specifically, to specific deterrence, that ties the confinement request. Specifically 90 days for the distribution, sir, 30 days for the introduction, and 30 days for the use. Those are reasonable deterrence measures so Lance Corporal Palang does not engage in this behavior again. The bad-conduct discharge is general deterrence. Marines cannot distribute drugs, bring them on a base and use them, and still remain in the Marine Corps. It would be improper precedent for the court to say anything else.
>
>  . . . .
>
>  Lance Corporal Palang has made deliberate decisions. These were not impulsive. He planned and executed a plan to use drugs, to introduce drugs, and to distribute drugs. Today for

---

[1] Record at 16-29; Prosecution Exhibit 1.

those decisions, and the consequences they have caused, Lance Corporal Palang must be held accountable.[2]

The trial defense counsel did not object to the trial counsel's argument.

## II. DISCUSSION

"Improper argument is one facet of prosecutorial misconduct." *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017) (citing *United States v. Young*, 470 U.S. 1, 7-11 (1985)). Prosecutorial misconduct in the form of improper argument is a question of law we review *de novo*. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (citing *United States v. Marsh*, 70 M.J. 101, 106 (C.A.A.F. 2011)). "'The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused.'" *Id.* at 248 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). "Because defense counsel failed to object to the argument at the time of trial, we review for plain error." *United States v. Pabelona*, 76 M.J. 9, 11 (C.A.A.F. 2017) (citing *United States v. Rodriguez*, 60 M.J. 87, 88 (C.A.A.F. 2004)). To demonstrate plain error, the appellant must persuade this court that: "'(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.'" *United States v. Tunstall*, 72 M.J. 191, 193-94 (C.A.A.F. 2013) (quoting *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011)).

In determining whether an argument is improper, we consider whether the comments were isolated incidents. *United States v. Carter*, 61 M.J. 30, 34 (C.A.A.F. 2005). The argument by a trial counsel must be viewed in the overall context of the case; accordingly, "our inquiry should not be on words in isolation, but on the argument as 'viewed in context.'" *Baer*, 53 M.J. at 238 (C.A.A.F. 2000) (quoting *Young*, 470 U.S. at 16) (additional citation omitted).

At sentencing, trial counsel "may not . . . refer to . . . any policy directive relative to punishment" but may "refer to generally accepted sentencing philosophies, including . . . general deterrence . . . ." RULE FOR COURTS-MARTIAL 1001(g), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). Trial counsel may make general deterrence arguments when they are not the government's only argument. *United States v. Akbar*, 74 M.J. 364, 394 (C.A.A.F. 2015) (citing *United States v. Lania*, 9 M.J. 100, 104 (C.M.A. 1980)). Because general deterrence is a proper sentencing consideration, "there is no reason to insulate this factor from argument by trial counsel." *Lania*, 9 M.J. at 104. That said, "trial counsel may not invite the [court] to rely on deterrence to the exclusion of other factors." *Id.*

---

[2] Record at 39.

The appellant avers that the trial counsel's yoking of the general deterrence argument to a punitive discharge was improper and constituted a plea for the automatic imposition of a punitive discharge in line with a "zero tolerance" mentality. We disagree. There is nothing remarkable or improper about an argument that suggests a punitive discharge is appropriate as a deterrent to others who might contemplate drug distribution, introduction of drugs onto a military installation, or drug use. The trial counsel's argument, although perhaps inartful, did not suggest that the Marine Corps policy on drug use mandated a punitive discharge. We do not find error, much less plain error, in this argument. *See United States v. Kropf*, 39 M.J. 107, 109 (C.M.A. 1994) (finding no clear or obvious error where trial counsel mentioned Navy "zero tolerance" policy towards drugs in sentencing argument); *United States v. Hogg*, No. 9700493, 1998 CCA LEXIS 252, *9-10 (N-M. Ct. Crim. App. 5 Jun 1998) (finding trial counsel's repeated admonition to members to "send the right message" in drug case, although improper, did not constitute plain error).

Even if we were to conclude that the trial counsel's argument was improper, relief is merited only if that misconduct "actually impacted on a substantial right of an accused (*i.e.*, resulted in prejudice)." *United States v. Fletcher*, 62 M.J. 175, 178 (C.A.A.F. 2005) (citation and internal quotation marks omitted). "Where improper argument occurs during the sentencing portion of the trial, we determine whether or not we can be 'confident that [the appellant] was sentenced on the basis of the evidence alone.'" *Frey*, 73 M.J. at 248 (quoting *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013)) (brackets in original). We note that the trial counsel argued before a military judge. Unlike court members, a military judge is presumed to know the law and to follow it in the absence of clear evidence to the contrary. *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007). This knowledge includes the various purposes and theories of sentencing, and this presumption includes the ability to distinguish between proper and improper sentencing arguments. *Id*. The appellant has failed to provide any evidence to rebut this presumption, and there is no evidence in the record to suggest the military judge was unduly biased or swayed by the argument. Moreover, "the fact that trial defense counsel did not see fit to object to the argument is 'some measure' that the argument had 'minimal impact.'" *Akbar*, 74 M.J. at 394-395 (citations and internal quotation marks omitted). Accordingly, there is nothing to indicate material prejudice to the appellant's substantial rights.

## III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court